# Sanderson's Appeal.

The supplement to the act of June 7, 1879, passed June 30, 1885, declaring taxable various forms of moneyed capital, and authorizing an assessor to make return in place of any taxpayer who refuses to do so, etc., is not inconsistent with the state Constitution, either because it authorizes a tax which is not uniform because of its exemption of building and loan associations, or because it does not impose a tax upon mortgages, etc., on corporations.

NOTE.—The authorities applicable to the question here raised are found in Fox's Appeal, 112 Pa. 337, 4 Atl. 149, in which the act of June 30, 1885, relating to taxation is held to be constitutional.

The attempt made by § 1 of the act of June 30, 1885, to exempt from taxation notes or bills for labor done, is contrary to article IX. of the Constitution; but this does not avoid the whole act.

The legislature has power to impose penalties for nonpayment of taxes.

(Decided May 10, 1886.)

Appeal from a decree of the Common Pleas of Lackawanna County in equity. Affirmed.

Reported below, 1 Pa. Co. Ct. 342.

The plaintiffs are citizens and taxpayers of Lackawanna county. The defendants are commissioners of Lackawanna county and assessors of the city of Scranton.

The bill was filed to obtain an injunction restraining the commissioners from requiring and instructing the assessors to require the plaintiffs to furnish a statement of the mortgages, etc., owned by them, under penalty, upon failure so to return, of an addition by the county commissioners of 50 per centum to the assessment made by the assessor from the best information at his command; the aggregate amount so obtained to be the basis of taxation as provided by the act of June 30, 1885.

The bill also prayed for an injunction restraining the assessment and levying of such tax upon the personal property of plaintiffs, and also restraining the assessors from requiring plaintiffs to furnish the statements or returns, also for general relief.

A preliminary injunction was granted, which, after hearing, was dissolved, and plaintiffs appealed.

*G. A. Endlich, George Sanderson, Jr.,* and *Edward B. Sturges,* for appellants.—The act of June 30, 1885, is unconstitutional because in contravention of the Declaration of Rights, which secures to the people of this commonwealth the inviolability of private affairs and private property.

The first prerequisite for any and all taxation is a legal ascertainment of value, an assessment, definitely and legally made, upon which it may be based.

This court has expressed itself upon this very point in construing certain clauses of the acts of 1879 and 1881, to which this law professes to be a supplement, as follows:

"If, therefore, this loan is taxable in the hands of resident

owners, at its actual value, a legal ascertainment of that value is essential to a valid tax. The tax of the citizen is the result of the rate applied to the value of the property which he owns; and he is not taxed until the rate is thus applied by some legal mode of adjustment; no duty of payment arises; no proceeding to collect can be sustained, until the tax is thus created. Is there any provision in the act of 1879, or the amendment thereto of 1881, for the making of this valuation? We can find no such provision in the acts of 1879 and 1881." Com. v. Lehigh Valley R. Co. 40 Phila. Leg. Int. 405; Miller v. Hale, 26 Pa. 432; Thurston v. Little, 3 Mass. 429; Thayer v. Stearns, 1 Pick. 482; M'Call v. Lorimer, 4 Watts, 351; Re Nichols, 54 N. Y. 62.

The act of 1885 has not supplied this defect.

The provision adding 50 per cent to the valuation, where the person taxable makes no return, was far beyond the power of any legislative body. 1 Desty, Taxn. p. 463; Cooley, Taxn. p. 262; McCormick v. Fitch, 14 Minn. 252, Gil. 185; 2 McCord, 55.

The title to the act in question does not clearly express the subject-matter of the same, and hence is in violation of § 3, of art. 3, of the Constitution of this commonwealth.

The said act enacts exemptions from taxation, unwarranted and forbidden by the Constitution of this commonwealth.

When the legislature provides for taxing the property of individuals, the property of corporations must be taxed to the same extent and for the same purpose. It is contrary to the first principles of civil liberty and natural justice, and to the spirit of the Constitution and laws, that one citizen should enjoy privileges and advantages denied to all others under like circumstances, etc. 1 Desty, Taxn. 122.

The act in question is unconstitutional, because the taxation enacted by it is not uniform upon the same class of subjects.

The act is void because it conflicts with the United States statute, that the taxation, by state authority, of national bank shares shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state. U. S. Rev. Stat. § 5219; U. S. Comp. Stat. 1901, p. 3502; New York ex rel. Duer v. Tax & A. Comrs. 4 Wall. 244, 18 L. ed. 344; Boyer v. Boyer, 113 U. S. 689, 28 L. ed. 1089, 5 Sup. Ct. Rep. 706.

The act is so drawn that part of it cannot fail and the rest

stand; for if the exempting clauses or sections are stricken out there will remain no method of assessing taxes on building associations and other corporations exempted; and therefore no tax can be collected from them, and this in itself creates a want of uniformity. Com. v. Lehigh Valley R. Co. 13 W. N. C. 469.

*L. A. Watres* and *Lemuel Amerman,* for appellees.—An act cannot be declared unconstitutional, merely because in the opinion of the court it is opposed to the spirit of the Constitution. People *ex rel.* Smith v. Fisher, 24 Wend. 220.

If an act be in its character and essence a law, and if it be not forbidden, expressly or impliedly, either by the state or Federal Constitution, it is valid.

To make it void it must be clearly not an exercise of legislative authority, or else be forbidden so plainly as to leave it free from doubt.

To doubt is to decide in favor of its constitutionality. Craig v. First Presby. Church, 88 Pa. 46, 32 Am. Rep. 417; Sharpless v. Philadelphia, 21 Pa. 163, 59 Am. Dec. 759; Maltby v. Reading & C. R. Co. 52 Pa. 145; Durach's Appeal, 62 Pa. 495; Com. *ex rel.* O'Hara v. Smith, 4 Binn. 123; Com. *ex rel.* Wolfe v. Butler, 99 Pa. 535.

The general assembly is to use the taxing power according to its discretion; and if it abuses the power, and if public opinion is not just or enlightened enough to correct its errors, there is no remedy. Sharpless v. Philadelphia, 21 Pa. 168, 59 Am. Dec. 759; Pennsylvania R. Co. v. Pittsburgh, 14 Pittsb. L. J. 289.

The legislature has power to prescribe not only the property to be taxed, but by what means and instrumentalities taxes shall be assessed and levied. Wisconsin C. R. Co. v. Taylor County, 52 Wis. 37, 8 N. W. 833; Sharpless v. Philadelphia, 21 Pa. 168, 59 Am. Dec. 759; Public Schools v. Trenton, 30 N. J. Eq. 667.

The right of taxation is vested in the legislature and is plenary, and reaches everything and all persons and property within the jurisdiction. Pa. Const. art. 9, § 1; Mott v. Pennsylvania R. Co. 30 Pa. 37, 72 Am. Dec. 664; Iron City Bank v. Pittsburgh, 37 Pa. 340.

The following are but a few of the states whose constitutions

are like ours, in which penalties for failure to make the lists are imposed by statute and sustained by the courts:

New Jersey. State, Sharp, Prosecutor, v. Apgar, 31 N. J. L. 358. Massachusetts. Lincoln v. Worcester, 8 Cush. 63. California. Biddle v. Oaks, 59 Cal. 94. Texas. Berry v. State, 10 Tex. App. 315. South Carolina. State v. Allen, 2 M'Cord L. 55.

An act authorizing the treasurer to issue execution against persons making default in listing their property for taxation is not unconstitutional. State v. Allen, 2 M'Cord L. 55.

Where a taxpayer neglected to make the affidavit in the exact words of the act, the supreme court of Vermont held that he was liable to the penalty of having his assessment doubled. Newell v. Whitingham, 58 Vt. 341, 2 Atl. 172.

In Massachusetts the list required by statute to obtain an abatement must be brought to the assessor before the tax is assessed. It cannot be filed after the appeal to the county commissioners. Otis Co. v. Ware, 8 Gray, 509; Charlestown v. Middlesex County, 101 Mass. 87.

A taxpayer who fails to hand in his list in time is allowed no standing before the board of equalization. State ex rel. Thompson v. Board of Equalization, 7 Nev. 83.

He loses his right of appeal. State, Sharp, Prosecutor, v. Apgar, 31 N. J. L. 358.

He submits himself to the "doom" of the assessors. Lincoln v. Worcester, 8 Cush. 63.

No abatement can be made, although a sufficient excuse for not bringing it in at the proper time was shown. Charlestown v. Middlesex County, 101 Mass. 87.

The legislation in the supplement being germane to the original act, sufficient notice of the subject of the act was expressed in its title. State Line & J. R. Co.'s Appeal, 77 Pa. 431; Craig v. First Presby. Church, 88 Pa. 46.

The title is sufficient if it fairly gives notice of the subject of the act, so as to reasonably lead to an inquiry into the body of the bill. Mauch Chunk v. McGee, 81 Pa. 433; Allegheny County Home's Case, 77 Pa. 77.

An entire act of assembly is not necessarily unconstitutional because the title fails to give notice of some particular matter contained therein.

The rule has been to sustain that portion of which the title

gives notice. Dewhurst v. Allegheny, 95 Pa. 437; Beckert v. Allegheny, 85 Pa. 191.

That the legislature has excluded or has not included the capital stock of manufacturing companies among the property made subject to taxation cannot be a cause of complaint, nor can it be made the subject of judicial inquiry. Scovill v. Cleveland, 1 Ohio St. 126; Bonsall v. Lebanon, 19 Ohio, 418; Wisconsin C. R. Co. v. Taylor County, 52 Wis. 37, 8 N. W. 833; Yiungblood v. Sexton, 32 Mich. 406, 20 Am. Rep. 654; Tallman v. Butler County, 12 Iowa, 531.

The word "person," in a tax law, includes corporations. Louisville & N. R. Co. v. Com. 1 Bush, 250; Miller v. Com. 27 Gratt. 110; Tripp v. Merchants' Mut. F. Ins. Co. 12 R. I. 435; People ex rel. Bay State Shoe & Leather Co. v. McLean, 80 N. Y. 255.

The power to classify is unlimited. Wisconsin C. R. Co. v. Taylor County, 52 Wis. 37, 8 N. W. 833.

Classification for taxation being confined to legislative discretion the courts cannot supervise it. Com. ex rel. Hepburn v. Mann, 5 Watts & S. 417; Sharpless v. Philadelphia, 21 Pa. 168, 59 Am. Dec. 759.

Nor is their power to classify taken away by the new Constitution. Kitty Roup's Case, 81* Pa. 211.

In the case of Nassau Gaslight Co. v. Brooklyn, 89 N. Y. 409, it was held that the provisions of an act which exempts from other taxation all corporations liable to be taxed under the act did not apply to a gaslight company.

The legislature may even make any kind of property personalty for the purpose of taxation, although it be real estate by the common law and for all other purposes. Johnson v. Roberts, 102 Ill. 655. See Williams v. Rees, 9 Biss. 405, 2 Fed. 882; Lackawanna County v. First Nat. Bank, 94 Pa. 221.

National banks, as such, are not taxed. Pittsburg v. First Nat. Bank, 55 Pa. 45.

The capital of a national bank is not taxable by the state. New York ex rel. Duer v. Tax & A. Comrs. 4 Wall. 244, 18 L. ed. 344.

Stock can be taxed by assessing the different shares of stockholders. Collins v. Chicago, 4 Biss. 472, Fed. Cas. No. 3,011; First Nat. Bank v. Kentucky, 9 Wall. 353, 19 L. ed. 701.

The act of Congress is not infringed by a state law which

provides that all personal property, including money, and all debts owing by solvent debtors, and shares in national and state banks and other corporations, shall be assessed at their true value and taxed at an equal rate, even if it also provides that certain classes of property, including shares in certain classes of corporations, shall be exempted from taxation. State, Stratton, Prosecutor, v. Collins, 43 N. J. L. 563.

The act of Congress of June 3, 1864, was not intended to curtail the power of the state on the subject of taxation, nor to prohibit exemptions of particular kinds of property; but to protect corporations formed under its authority from unfriendly discrimination by the state in the exercise of its taxing powers. Adams v. Nashville, 95 U. S. 19, 24 L. ed. 369; New York ex rel. Duer v. Tax & A. Comrs. 4 Wall. 244, 18 L. ed. 344; Hepburn v. School Directors, 23 Wall. 480, 23 L. ed. 112.

OPINION BY MR. JUSTICE PAXSON:

This case is ruled by Fox's Appeal, 112 Pa. 337, 4 Atl. 149.

The decree is affirmed and the appeal dismissed, at the costs of the appellants.